FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 FEB -4  AM 11: 33

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAKESHIA HOWELL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-15-275 |
| THE CUMBERLAND COUNTY DEPARTMENT OF SOCIAL SERVICES | * | |
| Defendant | * | |

***

## MEMORANDUM

On January 30, 2015, the Clerk received a complaint signed by self-represented plaintiff Lakeshia Howell, claiming that her three children were seized from her during a weekend visit to Fayetteville, North Carolina in October of 2011.[1] ECF No. 1, p. 2. Howell, a Maryland resident who brings this claim based on diversity jurisdiction,[2] seeks money damages from the Cumberland County, North Carolina, Department of Social Services and requests "full custody with pick up with no contact with father(s)." ECF No. 1, p. 3. Howell's motion to proceed in forma pauperis (ECF No. 2) accompanied the complaint and shall be granted. Her emergency motion requesting she be permitted to immediately "pick up" her children (ECF No. 3) shall be denied and the complaint dismissed for lack of jurisdiction.

Child custody matters may not be heard in this court.[3] *See Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea

---

[1] It appears the children may have been placed in foster care because Howell was homeless or resided in a shelter. Howell alleges that two of the children are in North Carolina, and one child is in Maryland. ECF No. 3, pp. 2-3.

[2] To the extent that Howell is suing for a violation of civil rights (*see* Civil Cover Sheet, ECF No. 1-1, p. 1), the court notes that venue more appropriately lies in North Carolina, where the controversy arose and where two of the children allegedly reside.

[3] The court notes that if Howell is aggrieved by action taken in Cumberland County, North Carolina, she should pursue her claim in the appropriate state court within that jurisdiction.

that state has a stronger, more direct interest); *Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights); *Cantor v. Cohen*, 442 F.3d 196 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) (noting federal courts "generally abstain from child custody matters")).  The merits of the decisions made regarding the taking of Howell's children by North Carolina authorities are inextricably intertwined in every claim asserted in the complaint; such review by this court is not permitted.  The case will be dismissed by separate order.

                                                                       _/s/_    2/3/15

                                                                James K. Bredar
                                                                United States District Judge